**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**


| | | |
|---|---|---|
| **GEORGE SOLER YOUNG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-15-641-R** |
| | ) | |
| **HECTOR A. RIOS, Warden, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |


## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Charles B. Goodwin. Doc. No. 81. Judge Goodwin recommended dismissing all of Plaintiff's claims except the following: 1) First Amendment retaliatory transfer claim against Defendants Rios, Caldwell, Gibson, Phume, Roody, DeAlmenau, Sessurs, Smith, Alston, Ellington and Calhoun; and 2) the Eighth Amendment excessive force claim against Defendants Taime, Rauche, Wiltshire, Hill and Roody.

Plaintiff has filed an objection (Doc. No. 82) regarding those claims that Judge Goodwin recommended dismissing. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

## I.    Background

Plaintiff brings this action against various Defendants alleging mistreatment during his incarceration. Initially, Plaintiff was incarcerated at the Lawton Correctional Facility (LCF) in Lawton, Oklahoma. Plaintiff's claims in this lawsuit arise out of his time at LCF. *See* Complaint, Doc. No. 1. Plaintiff alleges that after he complained about these issues, he

was transferred to Oklahoma State Penitentiary (OSP). Plaintiff alleges that transfer was out of retaliation for his complaints.

## II.   The Report and Recommendation

Judge Goodwin recommended that Defendant Patton's Motion to Dismiss (Doc. No. 49) be granted in its entirety and that the GEO Defendants' Motion to Dismiss (Doc. No. 68) in part. Specifically, Judge Goodwin recommended the following:

1. Plaintiff's 42 U.S.C. § 1983 claims for money damages against Defendant Patton in his official capacity should be dismissed pursuant to the Eleventh Amendment;

2. All claims against Defendants Patton, GEO, Benoit, Cation, Cantwell, and Johns should be dismissed for failure to state a claim upon which relief can be granted;

3. Plaintiff's Eighth Amendment claims based upon inadequate medical, dental, and vision care and upon a failure to protect should be dismissed for failure to state a claim upon which relief can be granted;

4. Plaintiff's First Amendment claim based upon Defendants' failure to answer grievances should be dismissed for failure to state a claim upon which relief can be granted;

5. Plaintiff's conspiracy claim and medical-copayments claim should be dismissed for failure to state a claim upon which relief can be granted;

6. Plaintiff's Eighth Amendment excessive-force claim should not be dismissed as to Defendants Taime, Rauche, Wiltshire, Hill, and Roody

7. Plaintiff's First Amendment retaliatory transfer claim should not be dismissed as to Defendants Rios, Caldwell, Gibson, Phume, Roody, DeAlmenau, Sessurs, Smith, Alston, Ellington, and Calhoun; and

8. Plaintiff's request for preliminary injunctive relief should be denied.

## III.   Plaintiff's Objection to the Report and Recommendation and Request to Amend

Except as discussed specifically herein, Plaintiff largely does not object to the basis

of Judge Goodwin's Report and Recommendation, but instead provides additional factual assertions in support of his claims and seeks leave to file an Amended Complaint.[1] Doc. No. 85, at 6-7.[2]

The Court grants Plaintiff leave to file an Amended Complaint, which should address the deficiencies addressed in Judge Goodwin's Report and Recommendation. Plaintiff is instructed to file this Amended Complaint within **thirty days (30 days)** of the entry of this Order. The Court cautions Plaintiff that the Amended Complaint will stand on its own; accordingly, it must contain all of the allegations, claims, and parties he intends to be before this Court.

## IV.    Plaintiff's Request for Injunctive Relief

Judge Goodwin also recommended that Plaintiff's request for a TRO (properly construed as a request for a preliminary injunction) be denied. The basis for this recommendation, Judge Goodwin explained, is that Plaintiff has not 1) specified the extraordinary relief he seeks to recover while the lawsuit is pending; 2) not alleged how he would suffer irreparable harm absent such relief; and 3) not shown that the requested injunction is not adverse to the public interest. Doc. No. 81, at 33. In the event the relief Plaintiff sought was a transfer away from his current facility, OSP, Judge Goodwin

---

[1] In addition, Plaintiff concedes that he cannot seek money damages from Defendant Patton in his official capacity, but clarifies he seeks money damages against Defendant Patton in his individual capacity only. Doc. No. 85, at 5.

[2] The Court is in receipt of Plaintiff's Admission and Correction of Clerical Errors Made in Plaintiffs [sic] Response to the Report and Recommendation, correcting a clerical error in Paragraph (v) on page 7. Doc. No. 89. The Court has construed that paragraph in light of Plaintiff's correction.

observed that such relief would "require this Court to intrude directly into the affairs of state prison administration, which for important policy reasons is a step courts should be reluctant to take." Doc. No. 81, at 33.

In his Objections, Plaintiff appears to confirm that the relief he seeks is a transfer out of OSP and a return back to protective custody at LCF. Such relief requires a mandatory injunction, because it would require the non-moving party to take an affirmative step before trial on the merits. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Because such a remedy would be extraordinary, the movant must make a heightened showing of the four factors. *Id.* at 1209.[3]

Plaintiff's chief concern is that he believes he is in more danger at OSP, which is a maximum-security prison, than LCF, a lower security prison that provides protective custody. Plaintiff's basis for this concern is that because he was prospective correctional officer from April through June of 1982, he is likely to be a target at OSP. Plaintiff believes inmates will learn this information through a previous lawsuit Plaintiff filed. The lawsuit was dismissed, and the Court of Appeals affirmed dismissal in 1985. *See Young v. Wheeler*, 706 P.2d 552 (Okla. Civ. App. 1985). The only factual basis Plaintiff provides for this concern is that that unnamed officers notified him that "a captain and jerry perry unit manager had ordered I could no longer work due to threats they had received against me."

---

[3] Plaintiff also filed a "Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction." Doc. No. 90. While the Declaration largely repeats Plaintiff's previous arguments, it appears he is also requesting immediate access to his prison and medical records. Plaintiff may request these records in the regular course of discovery, as would any litigant before this Court.

Doc. No. 90, at 2. The Court presumes "work" refers to Plaintiff's prison work detail at OSP.

Although the Court does not take Plaintiff's concerns lightly, he has not provided enough information to show that he faces imminent, irreparable harm. Plaintiff does not state who made the alleged threats or the basis for the alleged threats (for example, a general disagreement with another prisoner rather than because a prisoner learned of Plaintiff's former prospective correctional officer status). More importantly, by Plaintiff's own account, it appears that the staff attempted to remove the threat by moving Plaintiff off of his work detail. Altogether, such speculative information does not provide the Court with grounds to order the injunctive relief Plaintiff requests. *See RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009).[4]

Accordingly, the Court declines to grant Plaintiff's motion for injunctive relief. Should Plaintiff's be able to provide more specific factual information regarding a threat to his safety at OSP, he may file another motion for injunctive relief setting forth such facts.

## V.      Conclusion

Accordingly, the Court ADOPTS the Magistrate Judge's Report and Recommendation, as set forth herein. Although the Court fully adopts the reasoning of the Report and Recommendation, it will not grant the motions to dismiss as recommended by Judge Goodwin. Rather, Plaintiff has **thirty (30) days** from the date of this Order to file an

---

[4] The Court therefore does not reach the question of whether the requested relief would be adverse to the public interest.

Amended Complaint addressing the deficiencies outlined herein and in the Magistrate Judge's Report and Recommendation.

In light of the fact that claims remain pending against several Defendants and this Court's decision to permit Plaintiff to file an Amended Complaint, this matter is re-referred to Magistrate Judge Goodwin for further proceedings.

IT IS SO ORDERED this 4th day of October, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE