UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE SOLER YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-641-R |
| | ) |
| HECTOR RIOS et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff George Soler Young initially filed this lawsuit under 42 U.S.C. § 1983, raising five federal constitutional claims against twenty-one Defendants. *See* Compl. (Doc. No. 1) at 1-2, 12-13; R. & R. (Doc. No. 81) at 1-3. All Defendants moved for dismissal, and on March 10, 2016, the undersigned recommended that Plaintiff's claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), with the exception of: (i) Plaintiff's Eighth Amendment excessive-force claim as to five Defendants; and (ii) Plaintiff's First Amendment retaliatory transfer claim as to eleven Defendants. *See* R. & R. at 34-35.

On October 4, 2016, United States District Judge David L. Russell fully adopted the reasoning of the undersigned's Report and Recommendation but granted Plaintiff thirty days to file an amended complaint that would "address the deficiencies" noted in the Report and Recommendation as well as in Judge Russell's own Order. *See* Order (Doc. No. 95) at 3, 5-6. Plaintiff was specifically cautioned: "[T]he Amended Complaint

will stand on its own; accordingly, it must contain all of the allegations, claims, and parties he intends to be before this Court." *Id.* at 3.

Following two extensions of time, Plaintiff submitted an Amended Complaint (Doc. No. 102), along with 176 pages of attachments (Doc. Nos. 102-1 to 102-27).[1] The twenty-one original Defendants have now jointly filed a Motion for Extension of Time, seeking additional time to file their answer(s) or responsive pleading(s) with respect to the Amended Complaint. *See* Defs.' Mot. Extension of Time (Doc. No. 104) at 1-2; *see also* Fed. R. Civ. P. 15(a)(3).

Because Plaintiff is incarcerated, proceeding *in forma pauperis*, and seeking redress from government officials, his superseding Amended Complaint is subject to review by the Court. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)-(b); 42 U.S.C. § 1997e(c)(1)-(2); *see, e.g.*, *Wanamaker v. Chaffim*, No. CIV-14-12-R, 2014 WL 1356512, at *1 (W.D. Okla. Apr. 4, 2014) (dismissing amended complaint on screening). For good cause shown, Defendants' Motion for Extension of Time (Doc. No. 104) is therefore GRANTED. Defendants need not respond to Plaintiff's Amended Complaint at this time. Upon review of the Amended Complaint, the Court will issue further direction to the parties as to whether service is warranted. *See* 42 U.S.C. § 1997e(g)(2); LCvR 9.2(c).

---

[1] Plaintiff's Amended Complaint identifies at least nineteen additional Defendants and purports to rely upon federal statute and state law as well as the Constitution—features that appear inconsistent with the express parameters of the leave to amend granted by Judge Russell. *See* Am. Compl. at 1-17; Order at 3, 5-6.

IT IS SO ORDERED this 5th day of January, 2017.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE