IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| GEORGE SOLER YOUNG, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-15-641-R |
| HECTOR A. RIOS, Warden, et al., | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Report and Recommendation of U.S. Magistrate Judge Charles B. Goodwin (Doc. 147) recommending that the docket be amended to reflect "Emosi Taime," not "Emosi Time," as a Defendant and that all claims against Defendant Tweedy be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to timely serve him. Plaintiff filed a timely objection regarding Rule 4(m) dismissal of Defendant Tweedy and other unrelated issues (Doc. 150). The Court reviews the Report de novo and adopts it for the following reasons.

First, following Plaintiff's response to Judge Goodwin's order to show cause clarifying that Defendant "Time" and "Taime" are the same person, Judge Goodwin rightly struck the termination of Defendant Taime and ordered Defendant Taime to answer the amended complaint. *See* Doc. 120, at 7–10, 22 (finding Plaintiff's Eighth Amendment claims against Defendant "Time" plausible); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) ("[W]e must construe a pro se [plaintiff]'s complaint liberally."). Plaintiff

1

does not object to this part of the Report, which the Court adopts, and Defendant Taime has since filed an answer.

Second, the Court agrees with Judge Goodwin's analysis that Plaintiff has not "show[n] good cause for the failure" to serve Defendant Tweedy within the ninety-day limit. Fed. R. Civ. P. 4(m). "A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). Plaintiff's only response regarding his failure to give the U.S. Marshals Service ("USMS") an accurate address to serve Defendant Tweedy—who "no longer works @Lawton CF," Doc. 125—is that "it's beyond [his] capability to know where to serve and find him now" as a pro se prisoner without the means to hire a private investigator. Doc. 141, at 2–3. Plaintiff also raises the issue of his confiscated case materials, but he only needs them "so [he] can verify if this Defendant was served in the early years of this claim." *Id.* at 2.

It does not appear that Plaintiff has ever served Defendant Tweedy, and it "is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007); *see Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) ("[T]he Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service. . . . [Plaintiff] made no showing that he even inquired about obtaining such addresses let alone that such a request was rejected."); *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) ("[T]he good cause provision of Rule 4(j)[, which is now codified as Rule 4(m),] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to

comply with the Rule."); Doc. 125 (summons to Defendant Tweedy returned unexecuted). Thus, Plaintiff's pro se, inmate status alone does not provide cause to extend the ninety-day service deadline.

The inquiry does not stop here, however, as a "permissive extension of time may be warranted . . . if the applicable statute of limitations would bar the refiled action."[1] *Espinoza v. United States*, 52 F.3d 838, 841–42 (10th Cir. 1995). If the Court dismisses Plaintiff's Section 1983 claims against Defendant Tweedy—which accrued in October of 2013 for purposes of Oklahoma's two-year statute of limitations—the limitations period will have run upon refiling. *See* Doc. 147, at 6–7 (citing *Kripp v. Luton*, 466 F.3d 1171, 1174 (10th Cir. 2006); *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998); Amended Complaint, Doc. 102, at 11, 13; Doc. 120, at 6–10). Nonetheless, Oklahoma's "savings statute" would save the claims against Defendant Tweedy because Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of 12 Okla. Stat. § 100. In other words, Plaintiff would be able to refile his Eighth Amendment claims against Defendant Tweedy within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." 12 Okla. Stat. § 100. Thus, seeing no other policy considerations that bear on a permissive extension, the Court agrees with Judge Goodwin that dismissal without prejudice pursuant to Rule 4(m) is appropriate.

---

[1] Other potential, but inapplicable, justifications for a permissive extension of the time to serve summons are "if the plaintiff has effected service on either the United States Attorney or the Attorney General of the United States" under Rule 4(i) or if a "*pro se* plaintiff[] [shows] consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza v. United States*, 52 F.3d 838, 842 & n.8 (10th Cir. 1995) (quoting Fed. R. Civ. P. 4(m) advisory committee's note).

There are two unrelated matters that Plaintiff raises in his objection to the Report. Plaintiff seeks leave to amend his amended complaint, primarily because his "pro se filings were in fact misconstrued" and the Court did not recognize that he sued the current and former directors of the Oklahoma Department of Corrections, Robert Patton and Joe M. Allbaugh, in both their official and individual capacities. Doc. 150, at 1. This argument is plainly refuted by the record. The Court recognized that Plaintiff "name[d] all Defendants in their individual capacity, and the following in their official capacity as well: Rios, GEO, Smith, Patton, Allbaugh, Williams, Miser, Cooper, and Royal." Doc. 120, at 2–3. It then dismissed all of Plaintiff's claims but two Eighth Amendment claims against Defendants Hill, Taime, Rauch, Wiltshire, Roody, Jones, and Tweedy and a First Amendment claim against Defendants Rios and Benoit, each in their individual capacities. *See generally id.*

Further, Plaintiff's assertion that when he was previously granted leave to amend, he "did not understand that [he] had to be more specific []or precise" is also plainly inconsistent with various admonitions by the Court and Judge Goodwin to the contrary. *See* Doc. 120, at 18–22. Regardless, Plaintiff fails to offer specific allegations that he failed to include in his earlier pleadings, other than general "ongoing retaliation that [he is] being forced to endure." Doc. 150, at 4. Thus, Plaintiff has shown both a "failure to cure deficiencies by amendments previously allowed" and "futility of amendment," factors that support denying leave to amend.[2] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir.

---

[2] An objection to a Report and Recommendation is also not the correct forum to request leave to amend. *See* Fed. R. Civ. P. 15(a)(2).

1993). The Court again refuses "to restart [Plaintiff's] repeated amendment and extension exercise." Doc. 120, at 20 n.9.

Lastly, Plaintiff seeks appointment of counsel. *See* Doc. 150, at 4–5.

> "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985). In determining whether to appoint counsel, the court should consider the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks,* 57 F.3d at 979 (internal quotation marks omitted).

*Curiale v. Hawkins*, 139 F. App'x 21, 23–24 (10th Cir. 2005). Plaintiff has not met his burden as it relates to any of these factors. It is not yet clear whether Plaintiff's claims have merit; he appears capable of explaining how Defendants have violated his constitutional rights; and the issues are rather straightforward related to the relevant incidents of assault, failure to intervene, failure to provide medical care, and retaliation.

Therefore, the Court ADOPTS the Report and Recommendation (Doc. 147) in full and Defendant Tweedy is hereby DISMISSED WITHOUT PREJUDICE under Rule 4(m). Plaintiff's additional requests to amend his complaint and for appointment of counsel are DENIED.

IT IS SO ORDERED this 4th day of May, 2018.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE