### UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE SOLER YOUNG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-15-641-R |
| | ) |
| HECTOR RIOS et al., | ) |
| | ) |
|     Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff George Soler Young, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging several violations of his federal constitutional rights. United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. Now before the Court is Plaintiff's Motion for Injunctive Relief (Doc. No. 138), to which Defendants have responded (Doc. No. 139). As outlined herein, the undersigned recommends that this Motion be denied.

### DISCUSSION

While housed at Joseph Harp Correctional Center ("JHCC") in Lexington, Oklahoma, Plaintiff filed the present Motion seeking a "temporary restraining order and/or injunction." Pl.'s Mot. Injunctive Relief at 1; *see id.* at 6. Plaintiff is currently incarcerated at Dick Conner Correctional Center ("DCCC") in Hominy, Oklahoma. *See* Doc. No. 142.

Though labeled in the alternative, Plaintiff's request is properly viewed as seeking a preliminary injunction under Federal Rule of Civil Procedure 65(a) rather than a

temporary restraining order ("TRO") under Federal Rule of Civil Procedure 65(b).  Rule 65(b) generally contemplates that a TRO be issued only for a short term and "without written or oral notice to the adverse party or its attorney."  *See* Fed. R. Civ. P. 65(b)(1). Because Defendants have had notice and an opportunity to respond, the Court should treat the request for a TRO as superseded by the alternative request for a preliminary injunction. *See, e.g.*, *Yost v. Stouffer*, No. CIV-15-783-F, 2016 WL 4154281, at *9 (W.D. Okla. June 30, 2016) (R&R), *adopted*, 2016 WL 4150935 (W.D. Okla. Aug. 4, 2016); *see also* 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2951 (3d ed. 2013).

In his Motion, Plaintiff complains that he was placed in segregated housing at JHCC pending an investigation and despite no finding of guilt being entered.  *See* Pl.'s Mot. Injunctive Relief at 1-2.  Plaintiff asserts that: he was interrogated and taunted, prison officials have not returned certain legal materials and other property, and he has been "chilled" by prison officials' harassment and retaliation.  *See id.* at 2-5.  Plaintiff requests that Defendants be ordered to transfer him to the Federal Bureau of Prisons.  *Id.* at 4.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  For entry of a preliminary injunction, the applicant generally must satisfy four elements: (1) a substantial likelihood that he or she will prevail on the merits; (2) irreparable harm unless the restraining order is issued; (3) outweighing of the harm from the threatened injury against the adversary's harm from the preliminary injunction; and (4) the absence of an adverse impact on the public interest. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).  A preliminary injunction is

appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Plaintiff is unable to show a clear and unequivocal right to relief. First, although Plaintiff was housed at JHCC when he filed this Motion, he since has been transferred to DCCC. There is no indication in the record that Plaintiff will return to JHCC in the foreseeable future. Plaintiff's request to enjoin officials' conduct toward him at that facility "was undoubtedly mooted by his transfer" to another facility. *Stephens v. Jones*, 494 F. App'x 906, 910 (10th Cir. 2012). "A preliminary injunction directed at [JHCC] prison officials would not . . . provide[] any 'conclusive relief' because [Plaintiff] [is] no longer housed there." *Id.* (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011)).

Second, a preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945). The Court may not enter a preliminary injunction when the movant seeks intermediate relief beyond the claims of the complaint. *Stouffer v. Eulberg*, No. CIV-09-320-C, 2010 WL 567998, at *1, *2 & n.3 (W.D. Okla. Feb. 11, 2010) (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.")). Thus, "the movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (internal quotation marks omitted); *see also Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

3

Here, Plaintiff's pending legal claims implicate only action that transpired at Lawton Correctional Facility and conduct of that facility's officials. *See* Order of Nov. 14, 2017 (Doc. No. 120) at 2. Plaintiff therefore has not shown the requisite relationship between his legal claims and his request for injunctive relief and cannot show a substantial likelihood he would prevail on the merits of claims related to his request for an injunction against JHCC officials. *See Little*, 607 F.3d at 1251; *De Beers Consol. Mines, Ltd.*, 325 U.S. at 220; *see also* Defs.' Resp. at 1 (LCF-official Defendants asserting that they "have no involvement with the issues" outlined in Plaintiff's Motion and are "unable to satisfy" Plaintiff's requests).

Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give substantial weight to the adverse impact on public safety and on prison operation. *See* 18 U.S.C. § 3626(a)(2); *Stephens*, 494 F. App'x at 911-12. The Supreme Court has declared that courts are not to substitute their judgment on matters of institutional administration for the determinations made by prison officials. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 353 (1987). Granting the relief Plaintiff seeks would require this Court to intrude directly into the affairs of state prison administration, which for important policy reasons is a step courts should be reluctant to take. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987); *cf. Stephens*, 494 F. App'x at 912 (affirming denial of requested injunctive relief as "overbroad and more intrusive than necessary"). Plaintiff cannot meet his burden to demonstrate that the injunction he requests is not adverse to the public interest—the relevant public interest here

4

being prison officials' proper administration of their prison facilities.  *See Kikumura,* 242 F.3d at 955.

### RECOMMENDATION

For all these reasons, it is recommended that Plaintiff's Motion for Injunctive Relief (Doc. No. 138) be DENIED.

### NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 20, 2018, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned magistrate judge in the present case.

ENTERED this 29th day of June, 2018.

_____

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE