# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE SOLER YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-641-G |
| | ) | |
| HECTOR RIOS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are the following motions: (1) a Motion for Summary Judgment by Defendants Mario Rauch, Jermaine Wiltshire, Russell Hill, Marion Roody, Larry Jones, and Emosi Taime (Doc. No. 158),[1] to which Plaintiff George Soler Young has responded in opposition (Doc. No. 165); (2) Plaintiff's Motion to Stay Case (Doc. No. 168); (3) Plaintiff's Motion Requesting a Court Order Setting a Deadline (Doc. No. 174); and (4) Plaintiff's Motion for Extension of Time to Supplement Claim (Doc. No. 175).

---

[1] Defendants' motion is styled "Motion to Dismiss/Motion for Summary Judgment." Because Defendants have already answered the Amended Complaint (Doc. Nos. 124, 133, 148), they may not move for dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b) ("A motion asserting [Rule 12(b)] defenses must be made before pleading if a responsive pleading is allowed."). Defendants' motion will be treated as one for summary judgment. *See Hall v. Bellmon*, 935 F.2d 1106, 1110-11 (10th Cir. 1991). To the extent this might suggest a conversion of Defendants' motion to one for summary judgment, the Court notes that Plaintiff's Response cites summary-judgment standards and presents materials outside of the pleadings as evidentiary support. *See* Pl.'s Resp. Exs. 1-4 (Doc. Nos. 165-1, -2, -3, -4). It is evident that Plaintiff was on notice to present, and did present, all material pertinent to Defendants' Motion and that Plaintiff desired the Court to consider materials outside of the pleadings in ruling on the Motion.

BACKGROUND

Plaintiff's pro se Amended Complaint asserts federal civil rights claims under 42 U.S.C. § 1983 arising from events alleged to have occurred while he was incarcerated at Lawton Correctional Facility ("LCF") in Lawton, Oklahoma. *See* Am. Compl. (Doc. No. 102). Four claims remain pending:

(1) Plaintiff's Eighth Amendment claim against Defendants Taime, Rauch, Wiltshire, Hill, Roody, and Jones for assault and failure to intervene;

(2) Plaintiff's Eighth Amendment claim against Defendants Taime, Rauch, Wiltshire, Hill, Roody, and Jones for failure to provide necessary medical care following the assault;

(3) Plaintiff's First Amendment claim against Defendant Hector Rios for transferring Plaintiff from LCF protective custody in retaliation for reporting the assault; and

(4) Plaintiff's First Amendment claim against Defendant Robert Benoit for making retaliatory threats that Plaintiff would never leave segregation if he reported the assault.

*See* Order of Nov. 14, 2017 (Doc. No. 120) at 2, 22.

Defendants Taime, Rauch, Wiltshire, Hill, Roody, and Jones (collectively, "Defendants") seek summary judgment on Plaintiff's Eighth Amendment claims,[2] which are predicated on the following allegations:

- On October 25, 2013, Plaintiff was locked in a disciplinary cell for a strip search, where he was repeatedly "pushed, punched, kicked and beaten" by Hill, Taime,

---

[2] Defendants Rios and Benoit did not join in the Motion and have not otherwise sought pretrial determination of Plaintiffs' First Amendment claims.

Rauch, and Wiltshire, who were simultaneously "tearing and cutting [his] clothes off." Am. Compl. at 11.

- In the course of the assault, Taime "roughly insert[ed] his fingers in and out of [Plaintiff's] rectum," causing Plaintiff "overwhelming pain." *Id.*

- Despite Plaintiff's screams for help, Roody and Jones stood outside the cell and did nothing to "stop or report the assault." *Id.*

- Defendants failed to take Plaintiff for medical attention following the assault, notwithstanding Plaintiff's express request for "medical help." *Id.*

- Defendants instead "left [Plaintiff] naked in [the] cell . . . bleeding out of [his] mouth, temple and rectum." *Id.* at 11, 16.

- Plaintiff was finally "seen by medical" on October 27, 2013, two days after the assault, but even then, was "not examined." *Id.* at 11.

-and-

- The assault left Plaintiff "bruised" and "scarred," with a protruding bone and several "broken and lo[o]se teeth." *Id.* at 16.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I. *Standard of Review*

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or

- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B). While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Liberty Lobby*, 477 U.S. at 252.

II.     *Plaintiff's Claim for Assault and Failure to Intervene*

Defendants contend that they are entitled to summary judgment on Plaintiff's Eighth Amendment claim for assault and failure to intervene because there is no evidence corroborating Plaintiff's accusations. Further, Defendants contend that what actually happened is that Plaintiff was placed in hand restraints due to his noncompliance and no excessive force was used, and that summary judgment should be granted in Defendants' favor because no evidence contradicts this version of events. *See* Defs.' Mot. at 9-14.

"Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Phillips v. Calhoun*, 956 F.2d 949, 951 n.3 (10th Cir. 1992). Once the defendant shows "a lack of evidence supporting the plaintiff's claims," "[t]he plaintiff . . . must set forth specific facts by reference to affidavits, deposition transcripts, or other exhibits." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). While a plaintiff "may not rely merely on the unsupported or conclusory allegations contained in his pleadings," "a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in" Federal Rule of Civil Procedure 56, *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988)—that is, if it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Plaintiff in his Amended Complaint, and also his Response, presents the specific factual allegations summarized above. *See* Am. Compl. at 10-16; Pl.'s Resp. at 1-2, 6-10. These submissions are signed by Plaintiff and bear the designation "under penalty of

perjury." Am. Compl. at 17; Pl.'s Resp. at 15.  As such, the submissions are verified filings that are to be treated as affidavit evidence to the extent they otherwise comply with Rule 56(c)(4).  *See Moore v. Pantoja*, No. CIV-15-688-HE, 2018 WL 1278585, at *4 (W.D. Okla. Jan. 31, 2018) (R. & R.), *adopted*, 2018 WL 1278206 (W.D. Okla. Mar. 12, 2018).[3]

Viewed in the light most favorable to Plaintiff, the sworn submissions describe facts that present a genuine dispute as to whether Defendants Hill, Taime, Rauch, and Wiltshire personally and deliberately applied excessive force without a reasonable disciplinary justification, while Defendants Roody and Jones stood by and failed to intervene.  *See, e.g.*, Am. Compl. at 11, 16.  Plaintiff has a "constitutional right to be secure in [his] bodily integrity and free from attack by prison guards," including the right to be free from sexual assault.  *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993); *see Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).  Further, "a prison official's failure to protect an inmate from a known harm may constitute a constitutional violation."  *Hovater*, 1 F.3d at 1068.  Because the Amended Complaint commands evidentiary value, Plaintiff has

---

[3] Under 28 U.S.C § 1746, "the statutory substitute for the taking of an oath," a plaintiff may verify his complaint by "declaring under penalty of perjury that the information contained in the complaint is true and correct, and dating his signature." *Green v. Franklin*, No. 92-7089, 1994 WL 266761, at *3 (10th Cir. June 17, 1994) (omission, alteration, and internal quotation marks omitted).  Plaintiff substantially complied with § 1746 by signing his filings "under penalty of perjury."  Am. Compl. at 17; Pl.'s Resp. at 15.  Although Plaintiff omitted the dates of execution, such an omission is not fatal since the dates on the certificates of service provide an acceptable approximation.  *See EEOC v. World's Finest Chocolate, Inc.,* 701 F. Supp. 637, 639 (N.D. Ill. 1988) (explaining that § 1746 requires only substantial compliance with its terms and that an affiant's failure to date statement is not fatal if the date or approximate date is demonstrable); *accord Tseng v. Home Depot USA, Inc.*, No. C05-0908, 2006 WL 521723, at *2 (W.D. Wash. Mar. 2, 2006); *Pieszak v. Glendale Adventist Med. Ctr.*, 112 F. Supp. 2d 970, 999 (C.D. Cal. 2000).

satisfied his burden to "set out facts that would be admissible in evidence" from which a rational jury could find that Defendants applied force "maliciously and sadistically . . . [to] cause[] harm." Fed. R. Civ. P. 56(c)(4); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (internal quotation marks omitted); *see Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999) ("Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct, including but not limited to sexual abuse or rape, the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm." (internal quotation marks omitted)).

The affidavits submitted by Defendants relate a contrasting account of the incident in question. *See* Defs.' Mot. at 7-9; *id.* Exs. 2, 3 (Doc. Nos. 158-2, -3). That is not enough to prevail on summary judgment, however. Without more, a contrasting account simply "creat[es] a classic swearing match" that cannot be resolved on a motion for summary judgment. *Jordanoff v. Lester*, No. CIV-15-939-R, 2016 WL 6311297, at *3 (W.D. Okla. Oct. 3, 2016) (R. & R.), *adopted*, 2016 WL 6310782 (W.D. Okla. Oct. 27, 2016); *accord Moore v. Jay*, No. CIV-16-940-R, 2017 WL 7806651, at *3 (W.D. Okla. July 14, 2017) (R. & R.) ("It is not this Court's role to decide whether Defendants or Plaintiff present the more credible allegations, and under such circumstances, the court cannot grant summary judgment . . . ."), *adopted*, 2018 WL 1145945 (W.D. Okla. Mar. 2, 2018).

Accordingly, Defendants have not shown they are entitled to summary judgment on Plaintiff's Eighth Amendment claim for assault and failure to intervene.[4]

---

[4] In his Response, Plaintiff points to various violations by LCF of Oklahoma Department of Corrections ("ODOC") policies and procedures. *See* Pl.'s Resp. at 1-5. Section 1983

III. *Plaintiff's Claim for Failure to Provide Medical Care*

To prevail on his Eighth Amendment claim based on the denial of medical care, Plaintiff must show that Defendants "'kn[ew] of and disregard[ed] an excessive risk to [his] health or safety.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). First, Plaintiff must establish an objective prong by showing "that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer*, 511 U.S. at 834).

> [A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Where the necessity for treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing in the guise of an Eighth Amendment claim.

*Id.* (citations and internal quotation marks omitted). Next, to establish the subjective component—i.e., deliberate indifference to a substantial risk of harm—Plaintiff must show that the prison official in question acted with a "culpable state of mind." *Id.*; *Farmer*, 511 U.S. at 834, 836.

> The subjective component is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and she must also draw the inference. A prison medical professional who serves solely as a gatekeeper for other medical personnel capable of treating the condition may be held liable under the deliberate indifference standard if he delays or refuses to fulfill that gatekeeper role.

---

governs only alleged violations of "federally-conferred rights." *Jones v. Norton*, 809 F.3d 564, 577 (10th Cir. 2015) (explaining that 42 U.S.C. § 1983 is simply "a vehicle through which one may vindicate rights conferred elsewhere in the Constitution or laws of the United States"). Accordingly, Defendants' alleged violation of prison policies does not, by itself, demonstrate a violation of Plaintiff's federal constitutional rights.

*Mata*, 427 F.3d at 751 (alteration, omission, citations, and internal quotation marks omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (noting that deliberate indifference can be manifested "by prison guards in intentionally denying . . . access to medical care").

With respect to Plaintiff's claim for failure to provide medical care, Defendants argue there is no evidence that Plaintiff suffered "substantial harm" or that Defendants acted with "deliberate indifference" to any serious medical need. Defs.' Mot. at 14-17. In support, Defendants cite Plaintiff's medical records for the period following the assault as reflecting a lack of "complaints by [Plaintiff] of any injuries to any portions of his body or any alleged 'rape' or any medical findings of injuries of any nature." *Id.* at 9 (citing Defs.' Mot. Ex. 4 (Doc. No. 158-4)).

Plaintiff alleges that he was attacked on October 25, 2013. In his sworn Amended Complaint, Plaintiff attests that the assault left him "bleeding out of [his] mouth, temple and rectum," with apparent bruising, scarring, a protruding bone in his neck, and several "broken and lo[o]se teeth." *Id.* at 11, 16. Despite Plaintiff's visible injuries and his express request for "medical help," Defendants failed to take Plaintiff for medical attention "until two days later." *Id.* On October 27, 2013, Plaintiff was seen "cellside" by a nurse regarding his "report of ass[a]ult." Defs.' Mot. Ex. 4, at 1; *accord* Am. Compl. at 11. Defendants highlight the fact that this visit record does not specifically refer to any physical injuries or to any treatment for such injuries—but the record likewise does not in any way negate Plaintiff's claim that he was injured in the assault. The nurse noted only: "Seen cellside – offender reported he had been assaulted. Report called to Lt Benoit and

9

Sgt Rody." Defs.' Mot. Ex. 4, at 1. The nurse's notation is simply silent as to any specific complaints made by Plaintiff and any physical injuries he was suffering. Further, Plaintiff alleges that at this visit he "was not examined physically at all." Am. Compl. at 11. Defendants' records do not show Plaintiff receiving medical attention for physical issues again until several weeks later, for an unrelated issue. *See* Defs.' Mot. Ex. 4, at 6.

Construed in Plaintiffs' favor, the cited records and Plaintiff's sworn statements evidence a knowing refusal of requested medical attention in the days following the assault to a degree sufficient to create a genuine question of material fact on both the objective and subjective components of an Eighth Amendment violation. Specifically, a reasonable jury could credit Plaintiff's testimony that he suffered broken teeth, a protruding bone, and a bleeding mouth, temple, and rectum, and thereby find that (a) Plaintiff had a serious medical condition that, by its nature and along with Plaintiff's request for care, put Defendants on notice that Plaintiff required immediate medical care, and (b) Defendants disregarded the resulting substantial risk of serious harm to Plaintiff's health. *See Mata*, 427 F.3d at 751; *see also Kidwell v. Okla. Dep't of Corr.*, No. 13-CV-612, 2014 WL 2171647, at *11 (N.D. Okla. May 23, 2014).

Accordingly, Defendants have not shown they are entitled to summary judgment on Plaintiff's claim for failure to provide necessary medical care.

## PLAINTIFF'S REQUEST FOR STAY

Plaintiff asserts that ODOC has confiscated and is "maliciously withholding" his "legal documents, evidence, exhibits," and "legal books." Pl.'s Mot. (Doc. No. 168) at 1, 6-7. Plaintiff requests a stay of this action "until prison officials return" these materials

and "stop deliberately and maliciously . . . interfering with [his] access to the courts." *Id.* at 1. Plaintiff does not explain how a stay will enable him to reclaim possession of the confiscated materials or how long he anticipates such an endeavor will take. Under these circumstances, the Court declines to grant a stay of indefinite duration.

PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff states that he "cannot afford an attorney" and that "when [he] wrote the Oklahoma Bar Association for a suggestion and list of pro bono attorneys[,] they said they couldn't help [him]." Pl.'s Mot. at 4. The Court construes these statements as a request for the appointment of counsel on Plaintiff's behalf.

In light of the multiple remaining claims and the difficulty in conducting discovery and engaging in trial proceedings caused by Plaintiff's incarceration, lack of financial resources, and alleged deprivation of legal materials, the Court finds that, if possible, counsel should be obtained for Plaintiff. While the Court may not order an attorney to take Plaintiff's case, the Court has discretion under the Prison Litigation Reform Act to request an attorney to represent Plaintiff in this matter. *See* 28 U.S.C. § 1915(e)(1); *see also* W.D. Okla. Gen. Order No. 12-7 (W.D. Okla. Dec. 4, 2012).

Accordingly, the Court will request that the Pro Bono Committee of the Oklahoma City Chapter of the Federal Bar Association ("FBA") recruit an attorney to represent Plaintiff in these proceedings. The Court notes, however, that if counsel cannot be found within a reasonable period of time, the Court may direct that Plaintiff either engage counsel on his own or proceed pro se.

PLAINTIFF'S REQUEST FOR LEAVE TO AMEND AND TO CONDUCT DISCOVERY

Plaintiff requests leave to amend his Complaint to name additional defendants and make additional allegations. Plaintiff further requests a hearing and an opportunity for additional discovery, asserting that Defendants have fabricated records and withheld material evidence. *See* Pl.'s Mot. (Doc. No. 174) at 1-2; Pl.'s Mot. (Doc. No. 175) at 1-2.

In light of the Court's efforts to procure counsel on Plaintiff's behalf, Plaintiff's requests will be denied at this time. Plaintiff may reurge these requests, if appropriate, after counsel has been engaged or Plaintiff announces his intention to proceed pro se.

## CONCLUSION

For the reasons stated above, the Court:

1. DENIES Defendants' Motion for Summary Judgment (Doc. No. 158) on Plaintiff's Eighth Amendment claims; and

2. DENIES Plaintiff's pending Motions (Doc. Nos. 168, 174, 175).

The Clerk of Court is instructed to send the present Order and the docket sheet to the Chair of the FBA Pro Bono Committee, who should endeavor to recruit an attorney to represent Plaintiff in these proceedings.

This matter shall be set for a status and scheduling conference by separate order.

IT IS SO ORDERED this 31st day of March, 2023.

*[signature]*
CHARLES B. GOODWIN
United States District Judge