UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE SOLER YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-641-G |
| ) | |
| HECTOR A. RIOS et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Now before the Court is a Motion for Summary Judgment (Doc. No. 220) filed by Defendant Hector A. Rios. Plaintiff George Soler Young, appearing through counsel, has responded (Doc. No. 227).

*I. Background*

Plaintiff's pro se Amended Complaint asserts federal civil rights claims under 42 U.S.C. § 1983 arising from events alleged to have occurred while he was incarcerated at Lawton Correctional Facility ("LCF") in Lawton, Oklahoma. *See* Am. Compl. (Doc. No. 102). Four claims remain pending:

(1) Plaintiff's Eighth Amendment claim against Defendants Time, Rauch, Wiltshire, Roody, and Jones for assault and failure to intervene;

(2) Plaintiff's Eighth Amendment claim against Defendants Time, Rauch, Wiltshire, Roody, and Jones for failure to provide necessary medical care following the assault;

(3) Plaintiff's First Amendment claim against Defendant Rios for transferring Plaintiff from LCF protective custody in retaliation for reporting the assault; and

> (4) Plaintiff's First Amendment claim against Defendant Robert Benoit for making retaliatory threats that Plaintiff would never leave segregation if he reported the assault.

*See* Op. & Order of Mar. 31, 2023 (Doc. No. 186) at 2.

Defendant Rios seeks summary judgment on the relevant First Amendment claim, which is predicated upon the following verified factual allegations:

- Plaintiff was housed in the Protective Custody unit at LCF, where Defendant Rios was the warden, at the time of the assault. Am. Compl. at 2, 10.

- On October 25, 2013, Plaintiff was locked in a disciplinary cell for a strip search, where he was repeatedly "pushed, punched, kicked and beaten" by Defendants Time and Wiltshire, and former defendant Hill, who were simultaneously "tearing and cutting [his] clothes off." *Id.* at 11. In the course of the assault, Defendant Time "roughly insert[ed] his fingers in and out of [Plaintiff's] rectum," causing Plaintiff "overwhelming pain." *Id.* Despite Plaintiff's screams for help, Defendants Roody and Jones stood outside the cell and did nothing to "stop or report the assault." *Id.*

- Plaintiff reported the sexual assault to an LCF official through the offender grievance process on October 29, 2013. *See id.* at 12; *id.* Ex. 10 (Doc. No. 102-10).

- Seeking justification to transfer Plaintiff to another facility, LCF officials including Defendant Rios fabricated and used as a basis for transfer that Plaintiff "had killed an inmate," raped an inmate, and caused others to overdose. Am. Compl. at 14. Defendant Rios himself "put[] in a transfer request" after Plaintiff had reported the assault. *Id.*

- Defendant Rios "ha[d] a duty to investigate and be involved in resolving the prisoner complaints" and "knew or should have known" about Plaintiff's report of the assault to LCF staff. *Id.*

- Defendant Rios' submission of a transfer request was made "in retaliation" for Plaintiff's report of the assault and, because Plaintiff (an ex-correctional official) was placed into the general inmate population post transfer, the transfer "put[] [Plaintiff] [at] risk of harm or death." *Id.*; *see also* Order of Nov. 14, 2017 (Doc. No. 120) at 14-15; Op. & Order of Mar. 31, 2023, at 5-6 & n.3.

- On February 19, 2014, Plaintiff was transferred to Oklahoma State Penitentiary ("OSP"). Am. Compl. at 10.

II.   *Standard of Review*

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The Court must then determine

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or

- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A), (B). While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Liberty Lobby*, 477 U.S. at 252.

### III. Plaintiff's Claim for Violation of the First Amendment

Prison officials may not retaliate against an inmate on account of, or otherwise harass an inmate in retaliation for, the inmate's exercise of rights protected by the First Amendment. *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." *Id.* at 948.

Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the

> defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

It is well established that "[t]he filing of prison grievances is constitutionally protected activity." *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018). "[W]hile a prisoner enjoys no constitutional right to remain in a particular institution . . . , prison officials do not have the discretion to punish an inmate for exercising his first amendment rights by transferring him to a different institution." *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990) (internal quotation marks omitted); *see also Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010); *Fogle v. Pierson*, 435 F.3d 1252, 1263-64 (10th Cir. 2006).

Defendant Rios' Motion does not address any relevant standards or case law. Rather, the one-page argument seeks summary judgment on the basis that, as the LCF Warden, Defendant Rios "had every right to transfer" Plaintiff "for any reason" "to any other facility." Def.'s Mot. at 2 (capitalization omitted). In support, Defendant Rios references an Oklahoma Department of Corrections policy (not included with the Motion) that purportedly authorized Defendant Rios to transfer Plaintiff for "[a]ny justifiable reason" determined by security staff. *Id.*

Plaintiff does not contend, however, that Defendant Rios lacked the authority to effect the transfer. Rather, as has been expressly found by the Court, Plaintiff alleges the following elements establish that Defendant Rios violated Plaintiff's First Amendment rights:

5

>(1) constitutionally protected activity—reporting officers' violent sexual assault; (2) Defendant Rios personally orchestrated the transfer out of protective custody, which would plausibly chill an ordinary person from reporting; and (3) Rios transferred Plaintiff because of the grievance report, justifying the transfer instead on made-up grounds.

Order of Nov. 14, 2017, at 15; *see also* Am. Compl. at 10-12, 14.

While Defendant Rios points to a memorandum in which he requested that Plaintiff be placed at a maximum-security facility due to Plaintiff's "participation in . . . the introduction of dangerous contraband into" LCF, an internal post-transfer facility review states that Plaintiff was placed at OSP "due to [an Internal Affairs] investigation for offender allegation of sexual assault by staff." Def.'s Mot. Ex. 1, Feb. 18, 2014 Mem. (Doc. No. 220-1) at1; Pl.'s Resp. Ex. 13, Segregation Review (Doc. No. 227-13) at 1; *see also Smith*, 899 F.2d at 948 ("It is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when take for a different reason, would have been proper." (alterations and internal quotation marks omitted)). Plaintiff also stated in his sworn deposition that Defendant Rios was lying or misstating the truth in accusing Plaintiff of being part of a drug ring at LCF. *See* Pl.'s Resp. Ex. 1, Pl. Dep. 140:8-18 (Doc. No. 227-1).

>Where defendants' motives are seriously at issue, trial by affidavit is particularly inappropriate. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.

*Smith*, 899 F.2d at 949.

The record before the Court thus reflects a genuine dispute as to whether Defendant Rios' transfer of Plaintiff "was substantially motivated as a response to" Plaintiff's exercise of constitutionally protected activity. *Shero*, 510 F.3d at 1203. If Defendant Rios "retaliated against [Plaintiff] based on his filing [an] administrative grievance[], [he] may be liable for a violation of [Plaintiff's] constitutional rights." *Fogle*, 435 F.3d at 1264; *see also Smith*, 899 F.2d at 949 ("[B]ecause the ultimate fact of retaliation turns on defendants' state of mind, it is particularly difficult to establish by direct evidence."). Defendant Rios is not entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).[1]

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment (Doc. No. 220) filed by Defendant Hector A. Rios is DENIED.

IT IS SO ORDERED this 3rd day of June, 2025.

CHARLES B. GOODWIN
United States District Judge

---

[1] Defendant Rios also nominally argues that summary judgment should be entered in his favor because Plaintiff has failed to establish Defendant Rios' supervisory liability regarding the sexual assault by the LCF officials. *See* Def.'s Mot. at 3. Plaintiff is not bringing a claim against Defendant Rios based upon the underlying assault, however. *See* Op. & Order of Mar. 31, 2023, at 2.