## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

GEORGE SOLER YOUNG,                         )
                                            )
     **Plaintiff,**                           )
                                            )
v.                                          )          **Case No. CIV-15-641-G**
                                            )
HECTOR A. RIOS et al.,                      )
                                            )
     **Defendants.**                         )

## <u>ORDER</u>

Now before the Court is a Motion in Limine (Doc. No. 247) filed by Defendants.[1]

Plaintiff George Soler Young has responded (Doc. No. 258), and the Motion is now at

issue.

### I.  *Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be

referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130

(10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion,

a party may "request . . . guidance by the court regarding an evidentiary question, which

the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.*

(internal quotation marks omitted). "A court's in limine rulings are preliminary and are

subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas.*

*Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing

---

[1] Defendants are Warden Hector A. Rios, Emosi Time a/k/a Taime, Marion Roody, Mario
Rauch, Jermaine Wiltshire, Larry Jones, and Robert Benoit.

*Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

II.    *Defendants' Motion in Limine*

A.  *Defendant Benoit's Termination from LCF*

Defendants first request that the Court preclude evidence regarding the basis for Defendant Robert Benoit's termination from Lawton Correctional Facility ("LCF") in August 2014.  *See* Defs.' Mot. at 1-2.  Plaintiff responds that he "concedes" this request, with the exception that he should be permitted to inquire about the termination if Defendants "open[] the door" to the issue during the presentation of evidence.  Pl.'s Resp. at 1.  Defendants' Motion therefore is GRANTED in this respect.

B.  *Additional Incident Alleged to Involve Defendant Time at LCF*

The record reflects that in 2014, Defendant Benoit gave a recorded interview under penalty of perjury to Oklahoma Department of Corrections investigator Ryan Kinsey.  *See* Pl.'s Resp. Ex. 1, Kinsey Interview (Doc. No. 258-1).  In this interview, Defendant Benoit was asked about Plaintiff's allegation of sexual assault against Defendant Time.  Defendant Benoit answers that he heard about the alleged assault from "people talking" and that, when he interviewed Plaintiff, Plaintiff complained that "he had been touched on his booty."  *Id.* A few minutes later, however, Defendant Benoit states that he had confused Plaintiff's incident with another inmate's separate allegation against Defendant Time.  *See id.* Defendant Benoit then stated that Plaintiff actually had told him that "nothing had happened to him" and that Plaintiff "just didn't want to have a celly."  *Id.*

When asked about the Kinsey interview at his 2024 deposition, Defendant Benoit answered that he did not remember the interview but that, if Plaintiff "ha[d] reported a

sexual thing to me, I would have reported it to the – to the right people to make sure he

was taken care of at that time." Defs.' Ex. 1, Benoit Dep. 50:25-51:20 (Doc. No. 247-1).

At Defendant Time's 2025 deposition, the following transpired when Defendant Time was

asked about an additional inmate raising allegations of sexual assault:

> Q: Mr. Benoit gave an interview also to Ryan Kinsey in connection with Mr. Young's allegation. And in that interview, mister – or Lieutenant Benoit stated that an inmate on House 2 had also accused you of touching his butt.
>
> Do you remember that incident or allegation?
>
> A: No, ma'am.
>
> Q: Did you work on House 2 somewhat regularly?
>
> A: Yes. And it's – it's random; every day we get different assignments.
>
> Q: You don't have any recollection of another inmate making a similar allegation against you?
>
> A: No, ma'am.

Defs.' Ex. 2, Time Dep. 49:6-22 (Doc. No. 247-2).

Defendants ask to exclude any evidence regarding the alleged improper contact

between Defendant Emosi Time and an unidentified inmate at LCF. *See* Defs.' Mot. at 2-

3. Defendants argue that such evidence, gleaned from Defendant Benoit's prior statements,

would be "hearsay upon hearsay" and also excludable under Federal Rule of Evidence 403.

*Id.* at 3 (citing Fed. R. Evid. 802).

Plaintiff responds that Defendant Benoit's statements regarding a second sexual

assault allegation would not be improper hearsay—i.e., they would not be offered for their

truth—but would be relevant and probative as to Defendant Benoit's credibility as a

witness. *See* Pl.'s Resp. at 2. Plaintiff argues that despite Defendant Benoit's "evident

confusion and difficulty with recall throughout the interview," he anticipates that Defendants will lean heavily upon the 2014 interview because Defendant Benoit "is the only witness who claims to have knowledge of Mr. Young recanting" his allegation of sexual assault. *Id.* at 3. Plaintiff further argues that any possible prejudice can be addressed through the issuance of a limiting instruction. *See id.* at 4.

Having considered the relevant record, the Court concludes that, should the 2014 interview be presented to the jury, Plaintiff shall be entitled to impeach Defendant Benoit regarding his apparent confusion while participating in that interview. *See Cook v. Peters*, No. 13-cv-107, 2015 WL 10986407, at *1 (N.D. Okla. July 30, 2015) ("A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on all potential grounds." (internal quotation marks omitted)); *see also* Fed. R. Evid. 607.[2] Defendants' Motion is therefore DENIED as to this request.

To any extent such impeachment questioning by Plaintiff touches upon Defendant Benoit's struggle to distinguish between reports of sexual assault, the Court will issue a

---

[2] The Tenth Circuit has explained:

> The credibility of the witness is always relevant in the search for tru[t]h and a great latitude is allowed in the cross-examination of an interested party who takes the witness stand. There is no obligation imposed upon the court to protect a witness from being discredited. Its only duty is to protect him from questions which go beyond the bounds of relevancy merely to harass, annoy or humiliate him. Evidence challenging directly the truth of what the witness has said about matters material to the issue on trial, cannot be called collateral and immaterial to the issue of the credibility of the witness, and it is admissible for that purpose.

*Atkinson v. Atchison, Topeka & Santa Fe Ry. Co.*, 197 F.2d 244, 246 (10th Cir. 1952).

limiting instruction to the jury as to the proper purpose for consideration of such testimony.

The parties are DIRECTED to confer and attempt to reach agreement upon such an

instruction prior to Defendant Benoit offering any testimony at trial.

## CONCLUSION

As outlined herein, Defendants' Motion in Limine (Doc. No. 247) is GRANTED IN

PART and DENIED IN PART.

IT IS SO ORDERED this 4th day of June, 2025.

_____
CHARLES B. GOODWIN
United States District Judge