UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE SOLER YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-641-G |
| | ) | |
| HECTOR A. RIOS et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now before the Court is Plaintiff George Soler Young's Motion in Limine (Doc. No. 248). Defendants[1] have responded (Doc. No. 257), and Plaintiff has filed a Reply (Doc. No. 262).

*I.    Applicable Law*

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). Through such a motion, a party may "request . . . guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Id.* (internal quotation marks omitted). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing

---

[1] Defendants are Warden Hector A. Rios, Emosi Time a/k/a Taime, Marion Roody, Mario Rauch, Jermaine Wiltshire, Larry Jones, and Robert Benoit.

*Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

## II. Plaintiff's Motion in Limine

Plaintiff requests that the Court prohibit Defendants from introducing evidence or asking questions related to Plaintiff's prior criminal convictions. *See* Pl.'s Mot. at 1. Specifically, Plaintiff has four felony state-court criminal convictions: a 1983 conviction for first-degree manslaughter; a 1990 conviction for second-degree forgery; a 1994 conviction for assault and battery with a dangerous weapon; and a 1994 conviction for robbery with a dangerous weapon. *See id.* at 3-4, 9; *id.* Ex. 1 (Doc. No. 248-1). Plaintiff also has a 1990 misdemeanor conviction for illegal entry into a building and attempting to elude a police officer. Pl.'s Mot. at 3-4.; *id.* Ex. 2 (Doc. No. 248-2).

Defendants respond that they will not offer evidence or elicit testimony regarding the 1990 conviction for second-degree forgery or the 1990 misdemeanor conviction. *See* Defs.' Resp. at 1. To that extent, Plaintiff's Motion in Limine is GRANTED.

### A. Federal Rule of Evidence 609(b)

Plaintiff argues that the 1983 conviction for first-degree manslaughter (the "Manslaughter Conviction") and the 1994 conviction for assault and battery with a dangerous weapon (the "A&B Conviction") should be excluded pursuant to Federal Rule of Evidence 609(b). *See* Pl.'s Mot. at 2-4, 7-9. That Rule provides:

> **b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

Defendants argue that evidence of these convictions should be permitted because: Defendants "knew" they were dealing with someone with a "multiple-time documented history of violence"; the convictions "pertain[] to how much credibility" to give Plaintiff and "why Defendants dealt cautiously with Plaintiff"; and "jurors need to know of Plaintiff's violent past to help understand why it took as many correctional personnel as it did to escort Plaintiff from cell to cell at the facility." Defs.' Resp. at 3.

While these are conceivably probative purposes, Defendants do not provide a single citation to the record in support of the underlying factual contentions. And, as noted by Plaintiff, at least two Defendants have testified that the involvement of multiple correctional officers with an inmate transfer is not unusual, depending on the circumstances. *See* Pl.'s Reply at 1-2. Plaintiff also argues that there is no evidence that Defendants were actually aware of the Manslaughter and A&B Convictions or that, relevant to the retaliatory-transfer claim, Plaintiff was moved to another facility because of alleged violent behavior. *See id.* at 2.

Having considered the parties' arguments and the relevant record, the Court concludes that Defendants have not shown that the probative value of these convictions "substantially outweighs" their prejudicial effect. Fed. R. Evid. 609(b)(1); *see also id.* R. 609(b) advisory committee's note to 1974 enactment ("It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.").

3

Plaintiff's Motion in Limine is GRANTED as to exclusion of evidence regarding the Manslaughter and A&B Convictions.

### B. Federal Rules of Evidence 609(a)(1) and 403

In 2013, when Plaintiff suffered the alleged sexual assault for which he seeks relief in this 42 U.S.C. § 1983 action, Plaintiff was serving a 40-year sentence imposed for the 1994 conviction for robbery with a dangerous weapon (the "Robbery Conviction"). As Plaintiff is still serving this sentence, Federal Rule of Evidence 609(a)(1) applies to Defendants' effort to use evidence of the Robbery Conviction for impeachment:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant[.]

Fed. R. Evid. 609(a)(1).

Rule 403 prescribes:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

*Id.* R. 403.

Plaintiff argues that any probative value of the Robbery Conviction would be far outweighed by the risk of unfair prejudice to Plaintiff. *See* Pl.'s Mot. at 9-12 ("Instead of focusing on whether Defendants assaulted and retaliated against [Plaintiff], jurors may be influenced by irrelevant but emotionally charged information about his past convictions,

4

undermining his ability to receive a fair trial."). Defendants respond only that admission is warranted because of the prison officials' awareness of Plaintiff's criminal history—a proposition for which, as noted above, there has been no evidence presented to the Court—and because "'the exclusion of relevant evidence under Rule 403 is an extraordinary remedy to be used sparingly.'" Defs.' Resp. at 2-3 (quoting *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir. 1988)).

While the fact that Plaintiff was incarcerated in 2013 is clearly relevant, the Court concludes that the minimal probative value of the nature of the offense is "substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see id.* advisory committee's note (1972) ("'Unfair prejudice' means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). Absent some connection to a question to be answered at trial, such evidence risks "provok[ing] an emotional response in the jury" or "suggest[ing] decision on an improper basis" and "divert[ing] the jury's attention from the material issues at trial." *United States v. Cerno*, 529 F.2d 926, 935 (10th Cir. 2008); *United States v. Wright*, 993 F.3d 1054, 1061 (8th Cir. 2021) (internal quotation marks omitted).

Accordingly, Plaintiff's request is GRANTED IN PART. Defendants may present the fact that, at the time of the 2013 alleged sexual assault, Plaintiff was serving a term of imprisonment imposed for conviction of a state felony offense. Defendants may not introduce evidence of the nature of the offense, the date that Plaintiff was convicted or commenced his sentence, the length of the sentence imposed, or the fact that Plaintiff is still incarcerated upon that sentence. *See* Fed. R. Evid. 403, 609(a)(1)(A); *Howell v.*

5

*Trammell*, 285 F.3d 1263, 1270 (10th Cir. 2002) ("After conducting the Rule 403 balancing, the court may determine that evidence of the conviction, or certain aspects of evidence of the conviction, are properly excluded.").

## CONCLUSION

Plaintiff's Motion in Limine (Doc. No. 248) therefore is GRANTED to the extent outlined herein.

IT IS SO ORDERED this 4th day of June, 2025.

_____
CHARLES B. GOODWIN
United States District Judge