# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GEORGE SOLER YOUNG,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. CIV-15-641-G |
| | ) |
| **HECTOR A. RIOS et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Now before the Court is Plaintiff George Soler Young's Motion for Sanctions (Doc. No. 237), seeking the Court's entry of sanctions against Defendants Emosi Time, Jermaine Wiltshire, and Hector A. Rios ("Defendants"). Defendants have filed a Response (Doc. No. 243), to which Plaintiff has replied (Doc. No. 244).

Plaintiff, a state prisoner, brings federal constitutional claims under 42 U.S.C. § 1983 against multiple defendants. Although Plaintiff initially appeared pro se, he is now represented by counsel. The three relevant defendants are jointly represented by two attorneys. Trial is set upon the Court's June 2025 jury-trial docket.

*I.    Background*

Plaintiff asserts that Defendants should be sanctioned due to their unjustified failure to appear for their duly noticed depositions. The record before the Court reflects as follows:

Plaintiff's counsel first requested dates for the depositions of Defendants Time, Wiltshire, and Rios from Defendants' counsel on September 20, 2024. *See* Pl.'s Mot. Ex. 1, E. Oakley Email of Sept. 20, 2024 (Doc. No. 237-1). Defendants' counsel acknowledged

receipt of this request by letter dated September 27, 2024, and advised that he would begin contacting Defendants to determine their availability. *See* Pl.'s Mot. Ex. 2, T. Ferguson Letter of Sept. 27, 2024 (Doc. No. 237-2). Some follow-up emails were exchanged between the attorneys; however, no dates were provided by Defendants' counsel. *See* Pl.'s Mot. Ex. 3, Oakley-Ferguson Email Chain (Doc. No. 237-3).

On October 24, 2024, Defendants' counsel advised that he had written to each of the Defendants about the depositions but had not received any response. *See id.* at 1. During a follow-up telephone call the following day, Defendants' counsel explained that his office had also called each of the defendants and left voicemails but that none of the Defendants had returned those calls. Pl.'s Mot. at 2.

Plaintiff's counsel advised on October 24, 2024, that she would proceed with issuing deposition notices for the Defendants. *See* Email Chain at 1; *see also* Am. Sched. Order of Aug. 7, 2024 (Doc. No. 207) (setting December 2, 2024 deadline for discovery to be completed). After confirming counsel's availability, Plaintiff issued deposition notices on October 29, 2024, advising that Plaintiff would take the deposition of Wiltshire on Tuesday, November 19, 2024, at 10:00 a.m., and the depositions of Time and Rios on Thursday, November 21, 2024, at 9:30 a.m. and 1:00 p.m., respectively. *See* Pl.'s Mot. at 3; Dep. Notices (Doc. Nos. 212, 213, 214). At the request of Defendants' counsel, Plaintiff's counsel agreed that Time and Rios would be deposed via Zoom, rather than appearing in person. Pl.'s Mot. at 3.

Defendants' counsel acknowledged receipt of the deposition notices on October 30, 2024, and requested to move Wiltshire's in-person deposition from Plaintiff's counsel's

Oklahoma City office to the Comanche County courthouse.  *See id.* Ex. 4,  T. Ferguson Letter of Oct. 30, 2024 (Doc. No. 237-4).  Plaintiff's counsel responded that that there did not appear to be any reason to move the deposition location but that if counsel could offer some persuasive justification she would be willing to discuss.  *See* Pl.'s Mot. Ex. 5, E. Oakley Email of  Nov. 4, 2024 (Doc. No. 237-5).  Defendants' counsel did not respond to this letter or seek issuance of a protective order.  Pl.'s Mot. at 3.

Instead, on Friday, November 15, 2024, Defendants' counsel's assistant, Lacy Brown, advised Plaintiff's counsel that their office had confirmed Rios' availability for November 21, but had had zero contact with either Wiltshire or Time and could not confirm those Defendants' availability for their November 19 and 21 depositions.  *See id.* Ex. 6, L. Brown email (Doc. No. 237-6).  In a follow-up telephone call that afternoon, Ms. Brown advised that she had attempted to contact the Defendants to confirm the depositions but had not been successful.  *See* Pl.'s Mot. at 4.

Defendants Time and Wiltshire did not appear for their depositions.  *Id.*; *see id.* Exs. 7, 8 (Doc. Nos. 237-7, -8).  Defendant Rios likewise did not appear for his deposition.  Pl.'s Mot. at 4; *see id.* Ex. 9 (Doc. No. 237-9).

Due to both Defendants' failure to appear and health issues of one of Defendants' attorneys, the parties jointly requested a 30-day extension of the discovery deadline.  *See* Joint Mot. (Doc. No. 225) at 2.  The Court granted the request and extended the discovery cutoff date to January 2, 2025.  *See* Order (Doc. No. 228) at 1.

The parties' counsel conferred on December 12, 2024, at which time Defendants' counsel advised that his office had not heard from any of the Defendants but that he would

3

try to make contact again. Pl.'s Mot. at 4-5. On December 16, 2024, Defendants' counsel advised that he had made contact with Time and Wiltshire, but not Rios. *Id.*; *see id.* Ex. 10, Oakley-Winston Email Chain (Doc. No. 237-10) at 6. He confirmed that Time had received notice of his deposition but was starting a new job and could not miss work. *See* Oakley-Winston Email Chain at 6. Defendants' counsel also advised that Wiltshire had indicated that he been in Jamaica during his scheduled deposition on November 19, 2024, and had not received notice of the deposition until after he returned. *See id.* On January 2, 2024, Defendants' counsel advised that he had spoken with Rios and that Rios was available to be deposed by Zoom with two weeks' notice. *See id.* at 4.

On January 2, 2025, Plaintiff requested a 90-day extension of the pretrial deadlines; the Court granted the request the following day. *See* Pl.'s Unopposed Mot. (Doc. No. 233); Second Am. Sched. Order. On January 2, 2025, and again on January 17 and January 24, Plaintiff inquired as to the three Defendants' availability for rescheduled depositions. *See* Oakley-Winston Email Chain at 3-5. Counsel for Defendants advised that Rios can be available with two-week notice, Time has requested the deposition be conducted on a Friday, and Wiltshire was "non-committal on best days." *Id.* at 2-3.

On January 24, 2025, Plaintiff proposed several dates and times for Wiltshire, Time, and Rios during the weeks of February 17 and February 24. *See id.* at 2. The parties agreed for Rios' rescheduled deposition to occur via Zoom on February 25, 2025, and Plaintiff issued an amended deposition notice. *Id.*; Am. Dep. Notice (Doc. No. 236).

4

As of February 7, 2025, Plaintiff had received no response as to rescheduling dates for Defendant Time or Wiltshire. *See* Pl.'s Mot. at 6. Plaintiff then filed the instant Motion for Sanctions.

In their Response, Defendants argue that an award of sanctions would be unjust, as Defendants have not seriously delayed this case, and that the serious illness of Defendants' counsel Thomas Ferguson has affected the scheduling of the depositions. *See* Defs.' Resp. at 1-3; *id.* Ex. 2, T. Ferguson Aff. (Doc. No. 243-2). Defendants primarily assert that Time's and Rios' failures to attend were caused by the scheduled dates "f[alling] through the cracks." Defs.' Resp. at 3. Defendants also represent that Wiltshire was in Jamaica for much of November—including on his scheduled deposition date of November 19, 2024—due to a death in the family. *See* Defs.' Resp. at 2-3.

Plaintiff has replied that, at least as to Time's and Rios' nonappearance, "[l]ife got busy" is not a "substantial justification" and, in addition, does not accurately reflect these Defendants' actions regarding this case. Pl.'s Reply at 1-3. Defendant Rios testified that his secretary never received the information regarding the initially scheduled November 21, 2024 deposition—despite Plaintiff's counsel sending the relevant information to Defendants' counsel twice before that date. *Id.* at 1-2. Defendant Time testified[1] that he had been aware of the November 21, 2024 deposition but just got "distracted" and "overlooked" it. Pl.'s Reply Ex. 3, Time Dep. 50:5-52:17 (Doc. No. 244-3). Plaintiff's

---

[1] Defendant Time was deposed on February 28, 2025. *See* Pl.'s Reply Ex. 3 (Doc. No. 244-3). Defendant Wiltshire was deposed on February 20, 2025. *See* Pl.'s Reply Ex. 4 (Doc. No. 244-4).

5

counsel also represents that she was not informed as to the severity of Attorney Ferguson's illness until a record was made at Wiltshire's no-show deposition and that she would have agreed to accommodations on that basis, perhaps avoiding some of the expense. *See* Pl.'s Reply at 6.

*II.    Discussion*

Plaintiff seeks the imposition of sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, which provides in relevant part:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> **(1)** *In General.*
>
>> (A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
>>
>>> (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; . . . .
>>
>> . . . .
>>
>> **(3)** *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).[2]

---

[2] Rule 37(b)(2)(A)(i)-(vi) prescribes:

> **(b) Failure to Comply with a Court Order.**
>
>> . . . .
>
> **(2)** *Sanctions Sought in the District Where the Action Is Pending.*
>
>> **(A)** *For Not Obeying a Discovery Order.* If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:

6

Pursuant to the Federal Rules of Civil Procedure, Plaintiff is entitled to take any Defendant's deposition without leave of Court. *See id.* R. 30(a)(1). If a party is unable to attend a noticed deposition, the party should "take some action"—not simply fail to appear. *Batt v. Kimberly-Clark Corp.*, 438 F. Supp. 2d 1315, 1318 (N.D. Okla. 2006).

Having reviewed the parties' arguments and the relevant record, the Court finds that, as to Defendants Time and Rios, their lack of attendance was not "substantially justified." *Id.* R. 37(d)(3). As outlined above, these Defendants, named parties in this lawsuit, clearly have failed to appreciate that they are required to appear at their noticed depositions, subject to reasonable restrictions and unforeseen events. It is further evident that these Defendants' lack of compliance is due to some extent to their counsel's failure to impress upon them that attendance at depositions is compulsory. While severe sanctions are not warranted, the Court finds that "the reasonable expenses, including attorney's fees, caused by the failure" of Defendants Time and Rios to attend their depositions should be paid to

---

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part; [or]

(vi) rendering a default judgment against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A).

Plaintiff. Fed. R. Civ. P. 37(d)(3). No sanctions will be imposed regarding Defendant Wiltshire's failure to appear.

## CONCLUSION

Plaintiff's Motion for Sanctions (Doc. No. 237) is GRANTED pursuant to Federal Rule of Civil Procedure 37(d)(3). Defendants Time and Wiltshire and their counsel shall pay to Plaintiff:

- the costs associated with these Defendants' initially scheduled depositions, including transcripts; and

- the attorney's fees incurred by the time spent by Plaintiff's counsel: attending both initial depositions; rescheduling the depositions; preparing for the rescheduled depositions; seeking the January 3, 2025 extension of pretrial deadlines; and preparing and briefing the instant motion.

One-third of the total amount shall be paid by Defendant Time, one-third of the total amount shall be paid by Defendant Rios, and one-third of the total amount shall be paid by Defendants' counsel.

If the parties cannot agree on the amount of these expenses within 14 days, Plaintiff may submit to the Court an itemization of his claimed expenses.

IT IS SO ORDERED this 4th day of June, 2025.

_____
CHARLES B. GOODWIN
United States District Judge