UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GEORGE SOLER YOUNG,                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        Case No. CIV-15-641-G
                                   )
HECTOR A. RIOS et al.,             )
                                   )
        Defendants.                )

**ORDER**

Now before the Court is Defendants' Motion to Enforce Settlement Agreement (Doc. No. 289), filed January 5, 2026.[1]  Plaintiff George Soler Young has filed a Response (Doc. No. 291), to which Defendants have replied (Doc. No. 292).

*I.    Background*

Plaintiff, a state prisoner currently in the custody of the Oklahoma Department of Corrections ("ODOC"), filed this 42 U.S.C. § 1983 action in March of 2015.  On June 6, 2025, the parties participated in a judicial settlement conference conducted by Magistrate Judge Shon T. Erwin and reached an agreement in principle to settle this case.  *See* Order of June 9, 2025 (Doc. No. 279).

At the settlement conference, the parties agreed to the following terms of settlement:

- Plaintiff will be paid a total sum of $50,000 in return for a release of all claims, "whether or not raised in the litigation";

- Defendants will incorporate the settlement terms into a typed written agreement;

---

[1] Defendants are Hector A. Rios, Emosi Time a/k/a Taime, Jermaine Wiltshire, Marion Roody, Mario Rauch, Larry Jones, and Robert Benoit.

- Plaintiff will receive payment in full "within 30 days of receipt of executed settlement documents"; and

- After the documents are executed, this action will be dismissed with prejudice.

Settlement Summ. (Doc. No. 285-1) at 1-2.

On that same date, Plaintiff, his attorney, and Defendants all signed their agreement to the above terms. *See id.* at 3-4. The Court entered an Administrative Closing Order (Doc. No. 278). *See also* Doc. No. 281.

On July 24, 2025, Plaintiff, through counsel, filed a Motion to Reopen Case (Doc. No. 284). Plaintiff also filed a pro se Motion (Doc. No. 282) seeking cancellation of the settlement agreement because he had not yet received the settlement funds. Following briefing, the Court granted the request to reopen the case to allow consideration "of the parties' requests for relief as to their settlement agreement," as well as Plaintiff's counsel's request to withdraw from this matter. Order of Oct. 22, 2025 (Doc. No. 286) at 2.

The Court denied Plaintiff's motion to cancel the parties' settlement agreement, finding "no proper basis to rescind or invalidate the parties' agreement." *Id.* at 3. The Court explained that,

> [a]lthough Plaintiff may have been confused about the timing of payment, the Settlement Summary—signed by Plaintiff—expressly provides that Plaintiff will be paid within 30 days of Defendants' receipt of the executed settlement documents. The record before the Court suggests that, due to Plaintiff's transfer to a different ODOC facility, Plaintiff's counsel had difficulty locating Plaintiff and transmitting the necessary documents to him for signature. Defendants represented that, as of the time of their Response, they were "ready to complete the settlement once they are in receipt of the executed Release." Plaintiff has not established, and the record does not otherwise make clear, whether the condition for Plaintiff to be paid—the provision of *signed* settlement documents to Defendants—occurred and, if so, whether Plaintiff was paid within 30 days of that event.

*Id.* (citations omitted). The Court directed Plaintiff's counsel to forward the parties' settlement agreement to Plaintiff for execution. *See id.* at 4-5.

The Court also granted Plaintiff's counsel's motion to withdraw. *See id.* As no new counsel has entered an appearance for Plaintiff, he is currently appearing in this matter pro se.

On November 26, 2025, the Court ordered the parties to file, either separately or jointly, a written status report or appropriate closing papers. *See* Order of Nov. 26, 2025 (Doc. No. 287); *see also* Doc. No. 288.

II.     *Defendants' Motion to Enforce Settlement Agreement*

Defendants filed their Motion to Enforce Settlement Agreement (Doc. No. 289) on January 5, 2026. Defendants' Motion states that on October 28, 2025, Defendants revised the draft settlement agreement (the "Release") to reflect Plaintiff's pro se status and to ensure that the proceeds were sent to the ODOC Corrections Trust Fund, as per ODOC's instructions. *See* Defs.' Mot. at 1-2; *id.* Ex. 2 (Doc. No. 289-2); *see also* Okla. Stat. tit. 57, § 566.1 (prescribing required payments to be deducted from certain settlement payments received by inmates). Defendants sent the revised Release and a self-addressed stamped envelope to Plaintiff for execution and return. Defs.' Mot. at 1-2.

Defendants further state that on October 29, 2025, two of Plaintiff's family members visited Defendants' counsel's office. *See id.* at 2. Counsel attempted to answer the family members' questions and were provided with copies of Defendants' correspondence to Plaintiff and the revised Release. *Id.*

On January 21, 2026, a Response (Doc. No. 291) was filed on Plaintiff's behalf, representing that "correctional staff have withheld or delayed [Plaintiff's] legal mail." *Id.* at 1. In the Response, Plaintiff argues that the settlement agreement "should be invalidated as null and void," for several reasons. *Id.* at 2. First, Plaintiff states that he has been subject to retaliation from prison staff due to pursuing his legal claims against Defendants. *See id.* at 2-6. Plaintiff also asserts that during the parties' settlement conference before Judge Erwin, a unit manager was present and threatened that Plaintiff "better take the settlement or otherwise [he] would suffer." *Id.* at 3. Plaintiff additionally argues that he is no longer satisfied with the settlement for various reasons, including his desire to go to trial and his prior counsel's failure to investigate whether his settlement money would be subject to deductions under title 57, section 566.1 of the Oklahoma Statutes. *See id.* at 3-8.

Defendants reply that Plaintiff's new allegation—that Plaintiff was threatened during the settlement conference by a corrections official—should be disregarded because: (1) it "doesn't make sense," as at the time of the settlement conference, Plaintiff was no longer at Lawton Correctional Facility, where the events that were the subject of this litigation allegedly occurred, but at a different facility under ODOC control; (2) Plaintiff does not explain why it took six months for him to raise this issue; (3) if Judge Erwin had observed any indication of threats or coercion, he would have taken action; and (4) Plaintiff's former counsel would have been with Plaintiff during the conference and "would have stepped in to stop" or "at least reported" any such threat or coercion. Defs.' Reply (Doc. No. 292) at 3-4.

Defendants contend that the Court therefore should enforce the parties' settlement agreement, hold Plaintiff to the terms of the Release, and dismiss this case with prejudice. *See id.* at 4-5 (citing *United States v. Hardage*, 982 F.2d 1491 (10th Cir. 1993)). Otherwise, "Plaintiff will try [to] come up with another reason not to sign the Release." *Id.* at 5. "Defendants . . . continue to stand ready to deliver the settlement check upon receipt of Plaintiff's executed Release." *Id.* [2]

### III.    Relevant Standards

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Hardage*, 982 F.2d at 1496.

> Because settlement agreements are contracts, issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law. Under Oklahoma law, settlement agreements, which may be oral or written, are controlled by "the rules of offer and acceptance and of mutual assent which control any issue of contract formation." *In re De-Annexation of Certain Real Property from City of Seminole*, 204 P.3d 87, 89 (Okla. 2009). The consent of the parties must be free, mutual, and "communicated by each to the other." *Id.* A party generally may not repudiate a settlement agreement absent fraud, duress, undue influence, or mistake.

*Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1172 (10th Cir. 2013) (alterations, citation, and internal quotation marks omitted).

Where material facts regarding the existence or terms of a settlement agreement are disputed, the parties typically "must be allowed an evidentiary hearing." *Hardage*, 982 F.2d at 1496. "An evidentiary hearing also is appropriate to evaluate fraud in the

---

[2] The record reflects that a check for Plaintiff's settlement payment has been issued by "The GEO Group, Inc." Defs.' Ex. 3, Settlement Check (Doc. No. 289-3).

inducement." *Devon Energy Prod. Co. v. Line Finders, LLC*, Nos. 21-6119, 21-6162, 2022 WL 4232404, at *5 (10th Cir. Sept. 14, 2022).

> But in the absence of fraud, mistake, or accident, Oklahoma law is clear:
>
>> where a contract is complete in itself and, as viewed in its entirety, is unambiguous, its language is the only legitimate evidence of what the parties intended. The intention of the parties cannot be determined from the surrounding circumstances, but must be gathered from a four-corners' examination of the contractual instrument in question.

*Id.* (alterations and internal quotation marks omitted).

IV.    *Discussion*

As summarized above, the record does not reflect any dispute as to the existence or the terms of the parties' settlement agreement. Plaintiff's allegations of post-conference events—e.g., his unhappiness with his treatment by prison officials and his regret over not going to trial—do not reasonably demonstrate that the agreement should be rescinded or invalidated. *See Vela v. Hope Lumber & Supply Co.*, 966 P.2d 1196, 1198 (Okla. Civ. App. 1998) ("[A]n agreement to settle a claim constitutes a contract between the parties which should not be set aside absent fraud, duress, undue influence, or mistake."). Plaintiff's "misgivings concerning the . . . []settlement process," "animus toward the other parties," and belief that "the process [was] tainted by improper motives" do not constitute "*facts* indicating otherwise than Plaintiff signed the [Settlement Summary] of [his] own free will, that [he] understood the nature and consequences of [his] acceptance of the settlement terms, and that the [Settlement Summary] contains no ambiguity which could have caused its execution by mistake." *Id.* at 1199; *see* Settlement Summ. at 1-2, 3. And any misunderstanding by Plaintiff as to whether he will receive the entire payment

unencumbered would not render the parties' settlement agreement invalid, absent evidence of "fraud or inequitable conduct" by Defendants. *Boettler v. Rothmire*, 442 P.2d 511, 514-15 (Okla. 1968); *see also Percival Constr. Co. v. Miller & Miller Auctioneers, Inc.*, 532 F.2d 166, 172-73 (10th Cir. 1976).

Other of Plaintiffs' allegations, liberally construed, do plausibly implicate a ground such as duress that, if proven, could warrant Plaintiff's avoidance of the settlement agreement. *See Vela*, 966 P.2d at 1198. In particular, Plaintiff's assertion that he was "threaten[ed]" by a unit manager to "take the settlement" could conceivably present a valid defense to enforcement of the parties' settlement agreement. Pl.'s Resp. at 3. *But cf. Chester v. Parsons*, No. CIV-19-860-G, 2021 WL 4343609, at \*3 (W.D. Okla. Apr. 19, 2021) (R. & R.) ("In evaluating the existence of facts regarding [the plaintiff's] defense of duress, 'a party may not rely on the allegations of his pleadings or the bald contention that certain facts exist; rather, the trial court's judgment must be based upon the record actually presented.'" (quoting *Vela*, 966 P.2d at 1198)), *adopted*, 2021 WL 4344942 (W.D. Okla. Sept. 23, 2021).

Having considered the briefing contentions and extensive litigation history, the undersigned concludes that requiring the parties to engage in a second judicial settlement conference will potentially provide an efficient resolution of the relevant dispute. The Court requests that both Plaintiff and Defendants make a sincere attempt to resolve this matter. If the parties are unable to do so, the Court will decide whether further proceedings are required or whether Defendants' Motion to Enforce Settlement Agreement can be disposed of on the current record.

7

CONCLUSION

For the foregoing reasons, the Court STAYS Defendants' Motion to Enforce Settlement Agreement (Doc. No. 289). The Court will lift the stay and set additional deadlines, if needed, if the judicial settlement conference is not successful in resolving the parties' dispute.

This matter is hereby REFERRED to Magistrate Judge Shon T. Erwin for a judicial settlement conference pursuant to Local Civil Rule 16.2.

IT IS SO ORDERED this 6th day of April, 2026.

CHARLES B. GOODWIN
United States District Judge

8